STATE OF CONNECTICUT *v.* KEITH CATO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 25, 1972

(No. 17717).

*Thomas Corradino,* of New Haven, for the defendant.

*John F. Mulcahy, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. On June 22, 1971, the defendant, age twenty-two, pleaded not guilty to three charges of selling heroin. After negotiations, the assistant state's attorney in charge of the case agreed to file a substitute information in two counts charging (1) sale and (2) possession of heroin, and further agreed to make recommendation as to sentence.

On September 9, 1971, the defendant pleaded guilty to these charges in a substituted information and the assistant state's attorney recommended a suspended sentence of not less than five nor more than ten years on the selling charge and a term of imprisonment "of not less than four nor more than five [years] to serve" on the possession charge. After urging by defense counsel, the court imposed the recommended sentence.

The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the states and the federal government would need to multiply by many times the number of judges and court facilities. *Santobello* v. *New York,* 404 U.S. 257. Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It

leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned. *Santobello* v. *New York,* supra.

The defendant "bargained" and negotiated for a particular plea in order to receive dismissal of more serious charges and also on condition that the state's attorney would recommend an agreed sentence. It was conceded that the agreement was fairly secured, the plea was voluntary and knowing, and the prosecution kept its bargain with the accused.

Under such circumstances, the sentence is fair and just and must stand.

The sentence is affirmed.

DANNEHY, O'SULLIVAN and SIDOR, Js., participated in this decision.